IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNIS BARFIELD, | ) | 8:10CV177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ONE JOHN DOE, OMAHA CITY | ) | |
| POLICE, and OFFICE AND CHIEF | ) | |
| OF OMAHA POLICE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on May 6, 2010. (Filing No. 1.) Plaintiff was previously given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.     SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint in this matter against the "Omaha City Police" and two individuals. (Filing No. 1 at CM/ECF p. 1.) Plaintiff currently resides in Omaha, Nebraska. (*Id*.) Condensed and summarized, Plaintiff asserts that on May 1, 2010, he parked his car in the alley behind his house so that roofers could place a dumpster in his driveway. (*Id*.) Plaintiff elected to park his car in the alley, rather than on the street, because his "tags were expired." (*Id*.) Ultimately, Plaintiff's car was towed from the alley without pre-deprivation notice. (*Id*.) Plaintiff requests a "writ of replevin" that directs Defendants to return his car. (*Id*. at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

The court liberally construes Plaintiff's Complaint to allege that Defendants removed his car without pre-deprivation notice in violation of the Fifth and Fourteenth Amendments. The court will assume, without deciding, that Defendants' removal of Plaintiff's car was a state action.

In the context of a decision to tow a vehicle, the Eighth Circuit has held that pre-deprivation notice or a hearing is not required where post-deprivation notice is

available. *See French v. Koch's Body Shop*, 170 Fed. Appx. 977, 978 (8th Cir. 2006); *see also City of Los Angeles v. David*, 538 U.S. 715, 719 (2003) (per curiam) (concluding that pre-deprivation hearing on decision to tow is impossible if city is to be able to enforce parking rules); *Muhammed v. Routh Wrecker Serv.*, 14 F.3d 24, 25-26 (8th Cir. 1994) (per curiam) (holding due process claim failed where towing company fulfilled its duties under state law by mailing notice of towing to last registered owner of vehicle, even though actual owner did not receive notice); *Propert v. District of Columbia*, 948 F.2d 1327, 1332-33 (D.C. Cir. 1991) (concluding owners of towed vehicles are entitled to post-deprivation notice and hearing). Further, "where a random and unauthorized act by a state employee results in a tortious taking of private property, due process is satisfied if state tort law provides a meaningful post-deprivation remedy." *Allen v. City of Kinloch*, 763 F.2d 335, 336-37 (8th Cir. 1985) (citing *Parratt v. Taylor*, 451 U.S. 527 (1980)).

In Nebraska, a person seeking to recover possession of personal property may file a replevin action. Neb. Rev. Stat. § 25-1093. Accordingly, because Plaintiff has an meaningful post-deprivation remedy under Nebraska law, he has failed to state a federal claim upon which relief may be granted. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 16th day of June, 2010.

3

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.